**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------- x
UNITED STATES OF AMERICA,             :
       -against-                    :      ORDER
MELIKE MCCRIMMON,                     :
                                                                                                                      20 Crim. 343 (GBD)
                     Defendant.    :
------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

Before this Court is the Government's motion for reconsideration of this Court's December 2, 2020 order suppressing, pursuant to *Miranda v. Arizona*, 384 U.S. 436, the following statements Defendant made to officers in the police vehicle after his arrest: "I don't know about a [forty five or forty four]" followed by "I don't know about the forty four." This Court denied the Government's motion on the record at the conference held on December 16, 2020 and now files this order in further support of its decision.

Under *Miranda*, "[s]tatements made during a custodial interrogation are generally inadmissible unless a suspect has first been advised of his or her rights." *United States v. Faux*, 828 F.3d 130, 134 (2d Cir. 2016) (citing *Miranda v. Arizona*, 384 U.S. 436, 444 (1966)). Here, the parties do not dispute that Defendant was in custody and had not received *Miranda* warnings at the time of the statements in question. The Government, however, argued that Defendant's statements were not the product of interrogation. In rejecting the Government's position, this Court found that Defendant's statements were made during questioning under circumstances that the officers should have known were reasonably likely to elicit an incriminating response.[1] (Tr.

---

[1] "[T]he term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980).

of December 2, 2020 Conference, ECF No. 68, at 24–25.) Specifically, any response to the questions preceding Defendant's initial statement ("What do you keep moving for? Why do you keep moving, bro?") was likely to be incriminating or, at least, a false exculpatory, especially considering that Defendant had repeatedly denied the offense just prior to such questions. (*Id.* at 26.) Moreover, after Defendant made the initial incriminating statement, the officer asked Defendant to repeat himself, instead of ceasing questioning or advising him of his *Miranda* rights. The conduct of the officers made clear that their intent and reasonable expectation, in both the initial and subsequent questioning, was to elicit an incriminating response.[2] (*Id.* at 27–29.)

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted).

The Government cites no authority that would disturb this Court's conclusion that, based on the totality of the circumstances, the officer's initial questions were interrogatory. As to the officer's request that Defendant repeat himself, the Government contends that this Court did not have the opportunity to consider the Second Circuit's decision in *United States v. Rommy*, 506 F.3d 108 (2d Cir. 2007). In *Rommy*, the Second Circuit held that "a court may generally conclude

---

[2] While an inquiry as to whether the police should have known their actions were reasonably likely to elicit an incriminating response "focuses primarily upon the perceptions of the suspect," *Innis*, 446 U.S. at 301, the officers' intent may be relevant as well, *id.* at 301 n.7 ("[W]here a police practice is designed to elicit an incriminating response from the accused, it is unlikely that the practice will not also be one which the police should have known was reasonably likely to have that effect.").

2

that follow-up questions asking only for volunteered information to be repeated or spelled do not constitute interrogation." *Id.* at 133. The Government argues that because the officer simply asked Defendant to repeat his incriminating statement, *Rommy* requires that his request not be considered interrogation. However, unlike in *Rommy*, the statements in this case that preceded the officer's follow-up question were not volunteered. In *Rommy*, the defendant voluntarily initiated a meeting with DEA agents to proffer his cooperation and chose the subjects to be disclosed and discussed. *Id.* at 134. Here, Defendant made an initial incriminating statement in response to questioning that, considering the entirety of Defendant's and the officers' conduct, constituted interrogation. For the reasons stated herein and on the record at the December 16, 2020 conference, the Government's motion for reconsideration, (ECF No. 74), is DENIED.

Dated: New York, New York
January 13, 2021

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge