

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,                          :

        -against-                                  :

                                                   :        ORDER
MELIKE MCCRIMMON,
                                                   :        20 Crim. 343 (GBD)
                              Defendant.           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

The Government asks this Court to permit the Government to introduce evidence of recorded jail calls between Defendant and his girlfriend, in which Defendant repeatedly expressed an interest in pleading guilty in the instant action. (Gov't's Mot. in Limine, ECF No. 70, at 1.) Specifically, the Government cites three phone calls made on June 16, June 20, and June 21, 2020.[1] (*Id.* at 16–18.) On June 16, the Defendant made the following statements to his girlfriend: (1) "Like I said before, if I don't get bail, man, I'm trying to get less time, I'm trying to cop out fast and go," (2) "Make sure you tell [the defense attorney], listen, he trying to cop and go. Right now. What you got on the table for him, right now, what you got? Because I'm not trying to stick around," and (3) "By sticking around here, like I did before, I had a [codefendant] before, I ain't got a [codefendant], what you gonna give me? It's zero to ten years, my guidelines are probably 26–36 months or 36–46 months. It is what it is. And for me, I just have to do what I got to do. You know what I'm saying?" (*Id.* at 17.) Then, on June 20, Defendant responded affirmatively when his girlfriend asked him: "So what do you want me to tell the lawyer? Skip everything and just get you a plea, right?" (*Id.*) He also added, "I've been saying that from the get-go. Like, listen, I've been trying to cop out, what I'm trying to cop out. There's nothing to talk about. You

---

[1] The Government also notes that Defendant made comments similar to those on the identified dates "in a handful of other recorded calls." (*Id.* at 18.)

want the conviction, I'm giving y'all the conviction.  You talk to the [Assistant U.S. Attorney] and

be like, yo listen, his guidelines are 18 to 24 months, he ready to cop out.  That's it."  (*Id.*)  Finally,

on June 21, Defendant told his girlfriend: "I've been trying to tell [the defense attorney], I'm trying

to cop out, I'm trying to get the f— up out of here.  I ain't got time for any of it."  (*Id.*)

The Government argues that these phone calls are highly probative, contending that "[a]

defendant is likely to plan to plead guilty . . . because the defendant committed the crime with

which he is charged."  (*Id.* at 23.)  Defendant objects to the admission of his statements pursuant

to Federal Rules of Evidence 401 and 403.  (Melike McCrimmon's Mem. of Law in Opp'n to the

Gov't's Mot. in Limine, ECF No. 86, at 11–16.)  He contests their probative value and, in any

event, argues that any such value is substantially outweighed by the danger of unfair prejudice.

A defendant who desires to plead guilty may, in fact, be guilty.  The unfortunate fact,

however, is that there are many other reasons why individuals consider pleading guilty.  A

defendant may simply want to spend as little time in prison as possible and believe that pleading

guilty is the best way to ensure he receives the lowest sentence.  Or, he may want the entire ordeal

to be over as quickly as possible and find the prospect of a lengthy wait before trial unappealing.

Such a concern may be especially acute during the current COVID-19 pandemic, when trials are

limited and courts continue to tread carefully in balancing public health and safety with the interest

of defendants in speedy resolutions and finality.  Regrettably, innocent defendants may consider a

guilty plea as an option to resolve their proceedings.

Here, the statements by Defendant suggest that he viewed his contemplated guilty plea as

a transaction.  He explained that he was "trying to get less time."  (Gov't's Mot. in Limine at 17.)

Moreover, he expressed a strong desire to expedite the process and indicated that he would "giv[e]

[the Government] the conviction."  (*Id.*)  The phone calls in question were also made shortly after

Defendant's initial appearance on June 12, 2020. The strength, or lack thereof, of the Government's case had not come into focus, which could have reasonably colored Defendant's view of his prospects for success at trial. Most significantly, Defendant's statements contained no facts about the case or any specific admission of the elements of the charged offense. At no point did Defendant express a desire to plead guilty by stating that he is actually guilty.[2] *See United States v. Gotti*, 457 F. Supp. 2d 395, 402 (S.D.N.Y. 2006) (finding that the defendant's statements contemplating a guilty plea offered minimal probative value, in part, because they were "extraordinarily vague, lacking any detailed admission of criminal conduct"). Accordingly, even if Defendant's statements are marginally relevant, they are inadmissible under Rule 403, because the risk of undue prejudice to Defendant far outweighs any slight probative value. A jury would be asked to infer Defendant's guilt from the statements at issue, despite the absence of any discussion of the facts the Government must prove to establish the elements of the offense. Any limiting instruction would likely be ineffective at curing this substantial prejudice.

The Government cites several cases from this and other circuits that allegedly support admission of a defendant's statements expressing a desire or intention to plead guilty. (*See* Gov't's Mot. in Limine at 20–22.) All are inapposite. The Government can point to no case where a court admitted such statements over objections from the defendant as to their probative value or prejudicial effect. Instead, in all of the cases cited by the Government, the court limited its analysis to whether the defendant's statements were protected by the attorney-client privilege or Rule 410,

---

[2] The Government contends that Defendant would have understood that he can only plead guilty if he is in fact guilty, because he pled guilty to criminal charges in federal court in January 2013. (*Id.* at 23.) The fact that a defendant may have been familiar with the federal guilty plea process does not meaningfully diminish the possibility that he may wish to plead guilty for reasons other than actual guilt. Moreover, though rarely offered, a defendant may "'cop out' using an *Alford* plea or a plea of nolo contendere, and for neither type of plea must the defendant admit guilt." *United States v. Mejia*, 655 F.3d 126, 129 n.4 (2d Cir. 2011).

which excludes statements made during plea discussions with prosecutors. Indeed, in *United States v. Mejia*, the Second Circuit affirmed the admission of a recorded phone call in which the defendant told his sister that he wanted to "cop out" to a plea, because the attorney-client privilege and Rule 410 did not apply. *Mejia*, 655 F.3d at 129. The Circuit, however, explicitly left open the question of probative value and prejudice. *Id.* at 129 n.4 ("As [the defendant] did not challenge below or on appeal whether the substance of the call was indeed probative of guilt or whether its probative value outweighed its prejudicial value, *see* Fed. R. Evid. 401, 403, we need not decide the question here."). Accordingly, *Mejia* offers no reason for this Court to admit Defendant's statements in the face of his Rule 401 and 403 objections. In the absence of an express admission of guilt or specific incriminating statements of fact about the crime, Defendant's out-of-court statements to his girlfriend that he wanted or intended to plead guilty in order to serve less time in jail are inadmissible at trial.

Dated: New York, New York
       March 9, 2021

                                        SO ORDERED.

                                        *George B. Daniels*

                                        GEORGE B. DANIELS
                                        United States District Judge

4